IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF TENNESSEE,

KNOXVILLE DIVISION

----------NOLAN JAY MCAFFEE---------------- )
       Plaintiff, )
        )
v. ) No: 3:13-CV-42
        ) (Jury Demanded)
        ) Phillips/ Guyton
---------BWXTY12-BECHTEL ENTERPRISES-------------------- )
       Defendant, )

> Comment [daniel gi1]: Add your full name here
>
> Comment [daniel gi2]: Make sure that the parenthesis line up after you make your changes.
>
> Comment [daniel gi3]: Add the full name of the defendant here. This would be the name of the corporation. It can be more than one indivdual

## COMPLAINT

COMES NOW Plaintiff, NOLAN JAY MCAFFEE, *Pro Se,* and for his cause of action against Defendant BWXTY12-BECHTEL ENTERPRISES, does allege as follows;

> Comment [daniel gi4]: Insert your full name in all caps
>
> Comment [daniel gi5]: Insert the defendant name in all caps

### I. PARTIES

1. Plaintiff NOLAN JAY MCAFFEE is a male citizen of Tennessee, who currently resides at 170 Granite Road, Clinton, Tennessee 37716 and resides in Anderson County Tennessee.

2. Upon information and belief, Defendant -BWXTY12-BECHTEL ENTERPRISES------------------------------. is an TENNESSEE---------- corporation that is registered to do business in Tennessee and has a place of business at -602 SCARBOROUGH RD, OAK RIDGE, TENNESSEE 37831-2115 PO BOX 2115----------------------.,----------------------------------------. Defendant may be served with process through its registered agent for the State of Tennessee, -----------------------------------------------
DARREL KOLHORST-PRESIDENT, 602 SCARBOROUGH RD, OAK RIDGE, TENNESSEE, 37831-2115

> Comment [daniel gi6]: Enter the name of the defendant same as above
>
> Comment [daniel gi7]: Enter the name of the state where the corporation is incorporated
>
> Comment [daniel gi8]: Enter the address of the defendant
>
> Comment [daniel gi9]: Enter the name and address of the registered agent for the corporation

### II. JURISDICTION

3. This is an action arising under the Laws of the United States of America. This action, in particular arises under the Americans with Disabilities Act of 1990, (as amended 2008), 42 USC §§ 12102 et. seq.; 42 USC §§ 2000e This Court has jurisdiction to adjudicate Mr. Mcaffee's claims under to 28 U.S.C. §1331 (2012) because it is a civil action arising under the laws of the United States. Jurisdiction may also be

appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under Tennessee State Law.

4. This Court has jurisdiction to adjudicate Plaintiff's claims brought under state law pursuant to its supplemental or pendant jurisdiction under 28 U.S.C. § 1367(a) (2012).

### III. VENUE

5. Venue in this District is proper under 28 U.S.C. § 1391 because it is the judicial district where Defendant resides and in which a substantial part of the events or omissions giving rise to Plaintiff's. claims occurred.

### IV. FACTS RELEVANT TO ALL CAUSES OF ACTION

6. Upon information and belief at all times relevant to this Complaint, Defendant has been a for-profit corporation engaged in the business of NUCLEAR-STORAGE FACILITIES-------------------, in Tennessee.

> Comment [daniel gi10]: Insert the general information regarding what defendant does

7. Upon information and belief, at all times relevant to this Complaint, Defendant employed fifteen employees or more.

8. Upon information and belief, at all times relevant to this Complaint, Defendant has been engaged in an industry affecting commerce within the meaning of 42 USC §§12111(1)

9. The company knowing of my mental status diagnosed in 2005. Bi-Polar 2. Working with BWXT Phychogist and outside phychiatrist and outside phychologist. Did not accomiate my disability. In my personel request for help in any shape or form. My HIPPA rights were violated on a regular basis also. Discriminating using religion, ethically, and phycholocial harrasement via my work employees and management, plant wide.

> Comment [daniel gi11]: Here and for the following paragraphs you need to enter the facts which are relevant to your case

10.

11. Phycological terrorism. Branding me mentally. Expulsion from regular duties and knowledge via profession. Voluntary and envoluntary aggressive acts of assaults verbaly by calling me crazy and implying Morman Religion against me. Telling me to go back to UTAH where I come from. Branded by telling employees who I work for and with that I'm crazy and difficult to work with creating group conflict and severe mobbing by work employees and line forman. Setting the plaintiff up and bliaming for missed and in-completed work assignments via profession. Distruction of Identity telling me that I do not know my craft having me do meanial jobs not related to my skills. Causing constant health and safety issues. Not accomidating my mental disorders nor helping me distingquish the constant harassment. BWXT Phoychogist told me in his own words. Quote: What do you want me to do about it? After my many verbal request for help from him and administration. After my sixteen years of employment with BWXT under these conditions. It has create a permanant disability for the plaintif with a post dramatic stress disorder. To never be functional to have the ability to be productive in any work force again.

> Comment [daniel gi12]: You may enter as many as is necessary but just enter them-matter of-factly. The facts should demonstrate how you are disabled (mentally) and how you have been discriminated against

### V. CAUSES OF ACTION
#### A. *MENTAL BASED DISCRIMINATION*

12. Plaintiff hereby incorporates all allegations contained in paragraphs 1 and further alleges as follows:

> Comment [daniel gi13]: Change this number to reflect the right number- also you must do this for all the following paragraphs

> Comment [daniel gi14]: Here you insert the number of previous paragraphs

13. The foregoing constitutes mentally based discrimination in violation of discrimination by a supervisor and other employees in violation of the American with Disabilities Act, 42 USC §§ 12112(a) for which Defendant is liable.

14. Additionally Plaintiff further alleges and further alleges discrimination by a supervisor and other employees in violation of the American with Disabilities Act, 42 USC §§ 12112(b)(1,3-6) for which Defendant is liable.

15. Additionally Plaintiff further discrimination by a supervisor and other employees in violation of the American with Disabilities Act, USC 42 §§ 12112(d)(1) for which Defendant remains liable.

#### B. *Tennesse Human Rights Commission-Malicious Harassment*

16. Plaintiff hereby incorporates all allegations contained in paragraphs 1 and further alleges as

> Comment [daniel gi15]: Change this number to reflect the right number- also you must do this for all the following paragraphs

follows:

17. The foregoing constitutes Malicious Harassment by an employer in violation of Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-701, *et seq.* for which Defendant is liable.

18. As a direct and proximate result of Defendant's violations of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer damage for which Defendant is liable, including medical expenses, loss of earnings and employee benefits, back pay, front pay, damages for emotional distress, embarrassment, and humiliation, his attorney's fees and costs, prejudgment interest, post-judgment interest and all such other remedies as shall be necessary and proper.

### C. Tennessee Human Rights Commission Employment of Handicap Violation

19. Plaintiff hereby incorporates all allegations contained in paragraphs 1-- and further alleges as follows:

20. The foregoing constitutes discrimination based on Handicap in violation of Tenn. Code. Ann. § 8-50-103. Employment of the Handicapped provision.

21. As a direct and proximate result of Defendant's violations of the Tennessee Human Rights Act, Plaintiff has suffered and continues to suffer damage for which Defendant is liable, including medical expenses, loss of earnings and employee benefits, back pay, front pay, damages for emotional distress, embarrassment, and humiliation, his attorney's fees and costs, prejudgment interest, post-judgment interest and all such other remedies as shall be necessary and proper.

22. WHEREFORE, PLAINTIFF PRAYS AS FOLLOWS:

1. That this Court enter judgment against Defendant and award Plaintiff damages for his past, current, and future medical expenses, loss of income, physical and mental injury, emotional distress,

humiliation, anxiety, and loss of enjoyment of life, in addition to any other damages sustained as a result of Defendant's unlawful conduct in an amount to be determined at trial by a jury to be fair and reasonable compensation for the loss and harm done to him and to make him whole but not less than four million dollars ($4,000,000);

    2. That this Court award Plaintiff his attorneys' fees and costs as provided by law;

    3. That this Court award Plaintiff pre-judgment interest and post-judgment interest;

    4. That this Court grant Plaintiff any and all other legal or equitable relief as shall be

necessary and proper to eliminate all discrimination identified herein and to effectuate the purposes of to prevent discrimination based on The American's with Disabilities Act and the Tennessee Human Rights Act.

    5. That a jury is hereby demanded to try all issues triable by a jury.

    6. And that this Court grant Plaintiff such other, further, and additional relief as this

Court may deem reasonable and just.

    Respectfully submitted this the 29, day of January, 2013.

*[signature]*